Roy GARVIN, Plaintiff,

v.

Whitney GILLILLAND et al., Defendants.

No. 4428-54.

United States District Court District of Columbia.

May 24, 1956.

George B. Parks, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Oliver Gasch, Frank Strickler, Robert L. Toomey, Asst. U. S. Attys., Washington, D. C., for defendant.

THOMASON, District Judge.

This is an action by a former employee of the War Claims Commission for reinstatement.

On December 15, 1952, plaintiff received an indefinite appointment as Adjudicator with the War Claims Commission. During the regular employee investigation, it was discovered that in 1946 and 1947 plaintiff had been a member of the Washington Bookshop Association—designated by the Attorney General in 1947 as a communist organization. Since plaintiff had answered in the negative to the question "Are you now or have you ever been a member of the Communist Party, U. S. A., or any Communist organization?" on the standard Form 57, which he had submitted in his application, interrogatories were sent to him on March 16, 1953, asking for an explanation. Plaintiff answered on March 23, 1953. Thereafter, the Director of the Fourth Civil Service Region sent a letter to the War Claims Commission, and a copy to plaintiff, stating that plaintiff was eligible on loyalty grounds but was not eligible for employment on the ground of unsuitability because of his false statement on his Form 57, that is, failing to reveal his prior membership in the Washington Bookshop Association. In a Notification of Personnel Action dated May 18, 1953, plaintiff was advised by the War Claims Commission that his services would be terminated effective June 5, 1953, on the basis of the letter from the Director of the Fourth Civil Service Region. Plaintiff's request to be kept on the rolls during the pendency of his appeal was denied by his agency on June 1, 1953. On June 15, 1953, pursuant to his request, plaintiff was accorded a hearing before the examiners of the Fourth Civil Service Region wherein he was given the opportunity to present any evidence and testimony on the issue of suitability that he desired. The decision of the examiners affirming their earlier decision of unsuitability was given on September 1, 1953. Plaintiff then appealed to the Civil Service Commission which, after consideration of the files and plaintiff's brief, affirmed the examiners' decision. On October 15, 1954, plaintiff filed this action.

Plaintiff's sole contention is that he was not afforded the procedures of Executive Order No. 9835, 5 U.S.C.A. § 631 note, in that he was discharged prior to any hearing on the merits. He does not contend that a discharge on the ground of unsuitability was in any way illegal.

Executive Order No. 9835 prescribes procedures for the administration of an Employees Loyalty Program in the Ex-

ecutive Branch of the Government. It provides,

"4. The rights of hearing, notice thereof, and appeal therefrom shall be accorded to every officer or employee prior to his removal *on the grounds of disloyalty*, irrespective of tenure, or of manner, method, or nature of appointment, but the head of the employing department or agency may suspend any officer or employee at any time pending a determination with respect to loyalty." (Emphasis added.) Part II, subd. 4.

Since plaintiff was not discharged "on the grounds of disloyalty"—in fact the Director of the Fourth Civil Service Region specifically stated in his letter which was the basis of plaintiff's discharge that he was eligible on loyalty grounds—, he was not entitled to the procedures of Executive Order No. 9835.

As plaintiff points to no other procedural limitations upon his removal, the complaint must be dismissed.